BROWN et al. v. KINNEY, Revenue Collector.

(Circuit Court, D. Connecticut. March 10, 1904.)

No. 540.

**1. INTERNAL REVENUE—WAR REVENUE ACT—LEGACY TAX.**

Under a will by which the residuary personal estate of the testator was left in trust to the use of his infant son, but to become absolutely vested only in case he should live to attain the age of 25 years, the son took a vested and not a contingent beneficial interest, the only contingency being as to the extent of the actual enjoyment, and the bequest was subject to the legacy tax imposed by section 29 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307], and was unaffected by the amendment of June 27, 1902, c. 1160, § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 282], which directs the refunding of the tax paid on "contingent beneficial interests which shall not have become vested prior to July 1, 1902," the testator having died in 1900.

**2. SAME—ASSESSMENT OF LEGACY TAX—DEBTS OF TESTATOR.**

Where, prior to his death, a testator had purchased real estate, and assumed and agreed to pay as a part of the purchase price certain mortgages for which his grantors were liable, such mortgages constituted a debt of his estate, and the amount paid by his executors in satisfaction thereof is to be deducted from the amount of a residuary legacy in assessing the legacy tax thereon under the war revenue act of 1898.

Suit to Recover Legacy Taxes Paid. Sur demurrers.

Tillinghast & Tillinghast and Perkins & Perkins, for plaintiffs.
F. H. Parker, U. S. Atty., for defendant.

PLATT, District Judge. John Nicholas Brown, of Newport, R. I., died May 1, 1900, leaving a will which has been duly probated, and the plaintiffs are the executors. In July, 1902, the defendant, on behalf of the United States, assessed, under section 29 of the war revenue act of June 13, 1898, as amended, chapter 448, 30 Stat. 464, Act March 2, 1901, c. 806, § 10, 31 Stat. 946 [U. S. Comp. St. 1901, p. 2307], a tax of $29,791.87. The essential part of that section is as follows:

"That any person or persons having in charge or trust, as executors, * * * any legacies * * * arising from personal property * * * passing after the passage of this act from any person possessed of such property * * * by will * * * to any person or persons * * * in trust or otherwise, shall be, and hereby are, made subject to a duty or tax to be paid to the United States."

The act was again amended June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 282]. Section 3, which by its last provision is supposed to affect the present contention, is as follows:

"That in all cases where an executor * * * shall have paid, or shall hereafter pay any tax upon a legacy, * * * the Secretary of the Treasury be * * * authorized and directed to refund * * * so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two. And no tax shall hereafter be assessed or imposed * * * upon or in respect of any contingent beneficial interest, which shall not become absolutely vested in possession or enjoyment prior to said July first, nineteen hundred and two."

The plaintiffs, having complied with all the requisite formalities, bring suit to recover the moneys collected.

Section 24 of the testator's will gives the residue of the estate to trustees who are to "stand seized of my said trust estate to the use of my child or children living at my death, and of the lawfully begotten issue then living of the body of any child of mine who then shall have deceased; but so that the interest or interests of such my child, children and issue respectively shall only become absolutely vested in such of them as shall then have attained, or as shall thereafter live to attain, the age of twenty-five (25) years." The testator left surviving him, as his only child, an infant son a few months old, John Nicholas Brown, Jr. This provision of the will is the storm center around which the contention rages.

The plaintiffs insist, in accordance with their purpose indicated in their return to the collector, which read, "Not vested, $1,224,083.79,— Beneficial interest contingent," that it was and is entirely uncertain whether the boy will ever live to become entitled to this residue, or whether it will not pass, under the later provisions of the will, to other and more remote relatives of the testator, or possibly to charities; that no interest in this residue is vested in young Brown, and a fortiori he has no interest now vested in possession, as required by the third section of the act of June 27, 1902, before it can be taxed. The defendant contends that under the provisions of section 29 of the act of June 13, 1898, the personal property included in residue of the estate of John Nicholas Brown passed from said Brown, the person absolutely possessed thereof at his death, by his will, to Harold Brown and George W. R. Matteson, as joint tenants, in trust, primarily, to the use and benefit of the testator's son and only child, John Nicholas Brown, Jr., whose beneficial interest immediately attached, and said personal property vested immediately and absolutely, upon the death of the testator, in said trustees, in trust, unaffected by any contingency whatever, and so is not within the provisions of the act of June 27, 1902; that it is the passing of this personal property from the testator to these trustees, in trust, which is subjected to the tax or duty imposed by the statute in behalf of the United States, and this passing is absolute and not contingent. It insists that the residuary legacy of over $1,000,000 is a legacy arising from personal property passing after the passage of this act (June 13, 1898) from a person (the testator) possessed of such property, by will, to any persons (the trustees) in trust or otherwise, where the person entitled to the beneficial interest is the lineal issue (son of the testator), and where the amount or value of the property exceeds $1,000,000; that the passing is the essence of the transaction, which gives the government a right to reach in its hand and extract the tax; that this passing is direct from the testator to the trustees, and the only question is whether the beneficiary takes a vested interest at once, or must wait until he attains the prescribed age of 25 years.

The courts always vest a legacy at once if it can reasonably be done. "Nature abhors a vacuum," and, on a like principle, it is very unsatisfactory to see the beneficial interest reaching out its feelers in all directions, hoping to find some secure resting place and finding none

within reach. The question is whether the beneficial interest given by the testator to his infant son became at the testator's death a vested interest, subject to being divested by his death before reaching the age of 25 years, or whether it became a contingent interest which could only become vested by reaching that age. After a thoughtful examination of the whole matter, I am clearly of the opinion that, from every viewpoint, both authority and reason sustain the former construction.

As to the effect of the act of June 27, 1902, it is perhaps enough to say that section 3 of that act only assumes to deal with contingent interests, and, since the entire interests under consideration, both legal and beneficial, became vested instanter upon the death of the testator, it is not apparent that it can in any way be deemed important. It is clear that, by the vesting of the personal estate in the living child, at the testator's death that child became in right entitled to the enjoyment of the trust estate. It is true that the extent of the actual enjoyment for a time is subject to the sound discretion of the trustees, but that discretion is one subject to control by the courts, and that "sound discretion" avails no one except the infant son. In every way the estate must be cared for in his behalf. The provisions of the will vested in right the entire beneficial interest or estate in the residuum in John Nicholas Brown, Jr., with a partial suspension and control of enjoyment, and a suspension of possession as to the principal, until he reached the age of 25 years. Such suspension does not make the legacy a contingent one. No contingency attaches to the right of enjoyment; the only contingency is as to the extent of 'the actual enjoyment. It is the uncertainty of the right of enjoyment which renders a legacy contingent, not the uncertainty of its actual enjoyment. The law does not favor a construction which suspends the title. The only suggestion of contingency in this case is found in the time of payment, not in the right to the estate itself, and, if the language affords ground for a doubt, the courts will, if it is reasonable to do so, construe such to have been the intent of the testator. The words "absolutely vested," in the circumstances surrounding the situation, should be taken to mean "indefeasibly vested."

This case has been elaborately argued and briefed. In this opinion there is a noticeable absence of elaboration or citation. In truth, however, the entire matter has been studied with exhaustive care. Every contention of the plaintiffs has been faithfully examined. The discussion was of great interest, and I feel personally well repaid for my researches, in spite of the occasional weariness which they have induced.

The demurrrer to the first count must be sustained.

The gist of the second count is this: The testator, in taking conveyances of certain real estate in Minneapolis, assumed and agreed to pay, as part of the purchase price, that portion of the mortgage thereon for which his grantors were each liable, to wit, $50,000. The plaintiffs have paid the $100,000 as a debt of the estate. The Internal Revenue Department included that amount in the legacy, and collected the tax, and the plaintiffs seek it back. It seems clear that the $100,000 was a debt which had to be paid, just as much as rents, charitable sub-

scriptions, or amounts due on building contracts. The personalty left after paying debts made up the legacy which passed. Just that, and nothing more. The law of Minnesota and Rhode Island is such as to remove even a vestige of doubt on this point.

The demurrer to the second count is overruled.