## PECK v. KINNEY, Revenue Collector.

### (Circuit Court, D. Connecticut. March 10, 1904.)

### No. 541.

1. INTERNAL REVENUE—LEGACY TAXES—NATURE OF ESTATE.

A testator by his will left a fund in trust to be invested by the trustee, and provided that from such fund and its accumulations a certain sum should be paid each year to his wife and his three daughters, one-fourth to the wife and one-fourth to each daughter, or, in case of the death of a daughter, to her issue, if any, living at the time of such payment. In case a daughter should die and not be represented by living issue, the shares of the wife and other daughters were to be proportionately increased. After the wife's death the payments previously payable to her were to be divided in accordance with the law of inheritance, the daughters being his only children. *Held*, that for the purpose of assessing legacy taxes thereon under the war revenue act of June 13, 1898, c. 448, 30 Stat. 464, 2 Supp. Rev. St. 798 [U. S. Comp. St. 1901, p. 2307], as amended in Act March 2, 1901, c. 806, § 10, 31 Stat. 946 [U. S. Comp. St. 1901, p. 2307], each of the daughters should be treated as vested with a life estate in one-fourth of the fund and a life estate in remainder subject to the mother's life use, in one-third of the remaining fourth.

Suit to Recover Legacy Taxes Paid. Sur demurrer.

Tillinghast & Tillinghast and Perkins & Perkins, for plaintiff.
Francis H. Parker, U. S. Atty., for defendant.

PLATT, District Judge. Walter A. Peck, of Providence, R. I., died May 31, 1901, leaving a will in which he appointed the plaintiff executrix, which was duly probated. The defendant then was, and still is, collector of internal revenue for the district of Connecticut and Rhode Island. The said Kinney, in the performance of his official duties, and claiming to act pursuant to the war revenue act of June 13, 1898, c. 448, 30 Stat. 464, 2 Supp. Rev. St. 798 [U. S. Comp. St. 1901, p. 2307], and the amendments thereof, Act March 2, 1901, c. 806, § 10, 31 Stat. 946 [U. S. Comp. St. 1901, p. 2307], and Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 282], collected from the plaintiff as executrix, on or about November 12, 1902, the sum of $2,679.57, as the duty or tax payable to the United States under said statutes. The second and third clauses of the will provide for legacies passing in trust to different trust companies, amounting to $200,000 each. The issue can be simplified by presenting the essential portions of the second clause, and assuming that the amount to be dealt with is $400,000. The trust is created in these words: "I give, devise and bequeath to the Rhode Island Hospital Trust Company * * * $200,-000 or property of that value in trust, and with the powers and for the purposes hereinafter set forth, namely," in brief, to invest the same,

collect the income out of the trust estate, pay the charges, including all taxes, assessments, repairs, etc., and a reasonable compensation for trustees' services, minute suggestions and directions being made as to these duties, and then the will proceeds:

"The trustee for the time being shall from time to time as often as once in each six months during the continuance of this trust, pay out from the then trust funds and property (including accumulations of income as well as the then corpus of the estate) at the rate of $7,000 per year until the principal or corpus of said trust estate and property as well as all accumulations of income, have been exhausted. During the lifetime of my wife, if she survives me, she is to receive the same fractional share of each of said payments as would be payable to her upon an equal division of said payments between herself and my children living or represented by living issue at the time of such payments respectively. For example if my family consists of its present members, one-fourth to her, but if at my death or at any time during the term of her life either of my children should die leaving no issue surviving, or the issue of any deceased child should all die, the fractional part of my wife is to be increased, from and after such occurrence to make her payment equal that of each of my children then living, and if my wife survives me, and at my death or at any time during her life neither of my children nor any issue of theirs is surviving, the whole of said payments shall be made to her as they respectively become due and payable during the term of her life."

In the event which happened, one-fourth of said payments go to his wife during her life, and one-fourth to each of the daughters during the life of the wife. The testator provides that, if during the wife's life either of the daughters die without leaving living issue, the payments shall be increased to one-third each to the surviving daughters and the mother, and so on in case others die, and that, if all the daughters die without issue, then all the payments shall be made to the wife during her life, and, if any daughter dies leaving surviving issue, the issue to take per stirpes the share of the parent. From and after the decease of the wife the residue of the payments prior thereto payable to the wife are to be paid to the same persons that would inherit real estate from the testator under the present laws of Rhode Island had he then died intestate, and in the same proportions, i. e., equally to his daughters while the daughters live. By clause 6 he gives the residue of his estate to his wife. The defendant holds that each of the three daughters took under the two trusts a life estate in $100,000, and a remainder (subject to the life use of the wife) in one-third of $100,000 in addition, and assessed and collected taxes on that basis; while the plaintiff contended that each daughter took only an annuity of $3,500 per year for life, the taxes or duties on which would amount to $2,201.90, and that the daughters' interests in the residue of their mother's share were contingent, and hence not taxable, and that the sum of $477.66 was wrongfully exacted and should be refunded.

The time when the trust is to terminate is not definitely stated in the will, but the plaintiff and defendant, in computing the tax on the interests of the testator's daughters, alike assume that the trusts terminate with the decease of the last survivor of the daughters, and for the purpose of this case that date is to be regarded as the time when the trusts terminate. The plaintiff duly protested against the disputed collections, and filed a claim for the abatement and repayment of same, which was not allowed by the commissioner of internal revenue. Walter A. Peck, at the time of his death, was the absolute owner, duly

seized and possessed, of the property disposed of as above in trust, and said estate passed by his will to the trustees named, in trust for the benefit of the cestuis que trust, and the executrix duly qualified, assumed charge of the testator's estate, and performed her duties in connection therewith. That the testator left, him surviving, his wife, Louise L. Peck, aged 45 years, and three daughters, Louise L. Peck, jr., aged 20, Margaret, aged 18 years, and Carolyn, aged 17 years. That at the death of the testator, when said taxes were collected, and at the present time, there were no persons presently entitled to any beneficial interest in the remainder interest in said trust fund after the death of Louise L. Peck, except the three daughters. The legality of the assessment of $163.11 is determined, so far as this court controls, by the considerations in Brown v. Kinney, Collector, 128 Fed. 310.

It only remains to decide whether the collector should have treated the legacies to the daughters as a life estate in $100,000 each, as he did, or as annuities of $3,500 each; in other words, whether he has collected an excess of $314.55. The will fails to contain words which can be so translated as to provide for annuities. The spirit of the will is against it. The testator evidently doubted the power of the legacies to yield 3½ per cent. With parental care he arranged that such a percentage should be found, even if it became necessary to disturb the corpus. The common sense of the situation is against it. Why should the testator have intended annuities when it was a simple matter to purchase them at a very large saving? Furthermore, the essential carmarks of an annuity are woefully lacking. The only element which smacks of annuity is the possibility of decreasing the corpus in making the $14,000 payments. The provisions as to time and manner of payments are strongly indicative of a life estate, and in no sense resemble the principles which apply to annuities. Whenever the class to which payments are to be made decreases, an increase in the amount payable to each member is provided for. The death of the widow will diminish the class one-fourth, without possibility of restoration. It is very clear to my mind that the intent of the testator was to care for the daughters by a life estate in at least $100,000 each, going to the extent of providing that a fair income therefrom should be guarantied them by dipping into the corpus, if it should become necessary to do so.

The demurrer should be sustained. So ordered.